DeCARLO, Judge.
Appellant was convicted of violating the Alabama Uniform Certificate of Title and Anti-theft Act, § 32-8-87(c), and given a prison sentence of one year and one day.
The sole issue on appeal concerns the constitutionality of § 32-8-87(c). That section provides that “the owner of any junkyard, scrap metal processing plant or salvage yard or his agents or employees” who have in their possession “any motor vehicle which is junk or salvage or a total loss when the manufacturer’s identification number plates, serial plates and motor license plates have not been removed therefrom in accordance with the provisions of section 32-8-48” is guilty of a felony. Section 32-8-48 requires “[a]n owner who *1185 scraps, dismantles or destroys a vehicle and a person who purchases a vehicle as scrap or to be dismantled or destroyed” to indicate this information on the back of the certificate of title and, within seventy-two hours, to mail or deliver to the Department of Revenue the certificate of title, the manufacturer’s vehicle identification number (VIN) plate and the motor vehicle license plate.
The uncontroverted evidence showed that appellant, a dealer in new and salvaged auto parts in Centre, Alabama, purchased a wrecked 1978 Pontiac Trans Am for salvage purposes. The evidence also conclusively showed that appellant did not mail or deliver to the Department of Revenue the certificate of title, the VIN plate, or the license plate as required by § 32-8-48.
Appellant maintains that he never received the certificate of title and the license plate[1] and therefore could not send these items to the Department of Revenue. He argues that § 32-8-87(c) absolutely requires jiink and salvage dealers to perform an act without providing an exception for the inability to provide the required items and contends that the section violates the Sixth and Fourteenth Amendments because it makes illegal the non-performance of an impossible act.
Section 32-8-3(a), Code of Alabama 1975, grants to the Department of Revenue the authority to “prescribe and provide suitable forms of applications, certificate of title, notices of security interests and all other notices and forms necessary to carry out the provisions of this Chapter.” Section 32-8-3(b)(2) states that the department may “adopt and enforce reasonable rules and regulations to carry out the provisions of this Chapter.” Pursuant to these sections, the Department of Revenue, Motor Vehicles and License Division, has promulgated Regulation No. 810-5-50.21, which is a form entitled “Report of Scrapped, Dismantled or Destroyed Vehicle.” This form (MVT 17-1(12-77)) states that a separate notarized affidavit is required to cover a missing item (title certificate, VIN plate, or license plate). Clearly, a provision has been made for a junk or salvage dealer who is unable to provide one or more of the required items. We therefore hold that § 32-8-87(c) is constitutional.
For the reasons stated above, the judgment of conviction by the Cherokee Circuit Court is hereby affirmed.
AFFIRMED.
All the Judges concur.

. The auctioneer from whom appellant purchased the car testified that he either mailed these items to appellant or gave them to an employee of the appellant. Subsequent to appellant’s purchase of the car the license plate was found in the possession of one Earl Stimp-son and the certificate of title was used by one Jimmy Jordan to obtain a loan at the Farmer’s and Merchant’s Bank in Centre, Alabama.